Michael H. B. EDDOWES et al., Appellants,

v.

Tim CURRY, Criminal District Attorney of Tarrant County, et al., Appellees.

No. 18255.

Court of Civil Appeals of Texas, Fort Worth.

May 15, 1980.

Rehearing Denied June 12, 1980.

Tim Curry, Dist. Atty., pro se, and Frederick M. Schattman and Marvin C. Collins, Asst. Dist. Attys., Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is an appeal of a summary judgment rendered against parties seeking the exhumation of a body interred in Tarrant County. The question is whether by their pleadings the plaintiffs below have shown a justiciable interest sufficient to entitle them to a trial on the merits of their case.

We reverse and dismiss.

Michael H. B. Eddowes, a plaintiff below, is a domiciliary of the United Kingdom temporarily residing in Irving, Dallas County, Texas. Eddowes is the author of a book, *LEE HARVEY OSWALD—Report on the Activities of an Impostor who Assassinated President John F. Kennedy.* Dr. Edward Richards, William Grady and Jerry Pittman, also plaintiffs below, are residents of Tarrant County. They brought this action against Tim Curry, Criminal District Attorney of Tarrant County, and Dr. Feliks Gwozdz, former medical examiner of Tarrant County. Dr. Gwozdz died before submission of this case on appeal. However, no suggestion of death or motion for substitution has been filed.

The plaintiffs allege that a body buried in Tarrant County in 1963 is not Lee Harvey Oswald, the alleged assassin of President John F. Kennedy, but a Soviet KGB agent named Alek James Hidell, the middle and last names being assumed. They list various discrepancies between the physical features of Oswald. and the alleged impostor along with other evidence tending to create doubt as to the true identity of the body. They claim Oswald was kidnapped in Moscow in 1959 and Hidell, the impostor, assumed Oswald's identity. It is the plaintiffs' position that all of these events are part of a conspiracy to assassinate President Kennedy.

Law Office of John E. Collins, and Calvin B. Almquist, Irving, for appellants.

The plaintiffs seek a declaration that the defendants have the duty to exhume the body to identify it pursuant to Tex.Code Crim.Proc.Ann. art. 49.25 (1979). The plaintiffs contend the defendants have abused whatever discretion they possess in this matter by refusing to exhume the body unless the following conditions are fulfilled:

1. A request from the District Attorney's office;

2. A court order;

3. The consent of the family or any other persons who might possibly be plaintiffs in a lawsuit against Dr. Gwozdz;

4. That the U. S. State Department be informed;

5. That Dr. Gwozdz be personally indemnified;

6. That an escrow account of some $5,000 be established against which expenses can be billed and,

7. That Dr. Gwozdz have the right to retain the skull or any part thereof for testing.

In addition the plaintiffs seek an order compelling the defendants to exhume the body under general equitable principles. In response to the plaintiffs' pleadings the defendants moved for summary judgment alleging that the plaintiffs have no justiciable interest in the subject matter which they seek to litigate. The trial court agreed and rendered a summary judgment that plaintiffs take nothing by their suit. The trial court rendered its judgment solely on the pleadings and the stipulations that plaintiffs are not blood relatives of either Lee Harvey Oswald or Alek James Hidell. There was no summary judgment proof offered other than the stipulations just mentioned.

In their petition the plaintiffs claim they have standing to litigate this case as follows:

Plaintiffs would respectfully show the Court they have 'standing' to pursue this cause of action since all citizens have both a duty and moral obligation to report the commission of a crime (or crimes) to the proper legal authorities. Plaintiffs submit they have tendered substantial evidence to Defendants to show that the identity of the body in question is in serious doubt. If Defendants fail, refuse or neglect to act to prevent the commission of criminal conduct, then Plaintiffs, as particular individuals and as citizens at large, have been harmed and have suffered injury to themselves and to the integrity of the body politic.

■ The defendants respond that the plaintiffs have not alleged that a crime has been committed in Tarrant County, and thus Tarrant County officials have no duty to investigate. We disagree. We note that the assassination of President Kennedy occurred in Dallas County. However, the plaintiffs have pled that the impostor, Hidell, was buried in Tarrant County. As we view it, the plaintiffs have alleged that the burial in Tarrant County is an act in furtherance of the alleged conspiracy. They rely on this act in attempting to compel the defendants to exhume the body.

■ As we construe the pleadings and argument of counsel, the plaintiffs seek to compel public officials who have the duty to investigate crimes and enforce the law to perform their duties in this particular case. The plaintiffs contend they have standing to bring this action because they are members of the public concerned with the detection and prosecution of criminals. We fail to see how Eddowes has any such interest or standing. It is undisputed that Eddowes is a British subject. Under the facts of this case we conclude he has no justiciable interest in the enforcement of the criminal laws of the United States or the State of Texas. We seriously doubt an English court would entertain an action where a citizen of the United States visited the United Kingdom and sued the chief inspector of Scotland Yard seeking enforcement of the criminal laws of the United Kingdom upon an allegation of a crime to which the American was not a party and had at most a mere historical interest.

■ The other plaintiffs are residents of Tarrant County. They have a legitimate interest in the enforcement of the criminal laws of this state. However, we must determine whether this interest is justiciable. In making this determination we note that there is no allegation that any of the American plaintiffs have any greater interest than that possessed by the public generally in the enforcement of the criminal laws of this state.

We conclude that this case falls within the general rule stated by the Texas Supreme Court in *Yett v. Cook*, 115 Tex. 205, 281 S.W. 837 (1926). There our supreme court stated that it is a universally accepted rule that to be entitled to maintain an action in court, a person must show a justiciable interest in the subject matter of the litigation. Although other jurisdictions differ, the court decided that in Texas, an action relating to elections or other matters of law enforcement could not be maintained by one whose interest is only that of the public generally. The only exceptions stated by the court are questions involving taxation or unlawful expenditure of public funds, and where a valid statute authorizes the action. See 55 C.J.S. *Mandamus* § 47 (1948).

Clearly this case does not relate to taxation or unlawful expenditure of public funds. The plaintiffs have not cited, nor have we found, a valid statute authorizing their action. Having shown no greater interest in the enforcement of the criminal laws of this state than that possessed by the public generally, plaintiffs have failed to show the requisite justiciable interest to entitle them to a trial on the merits of their petition to compel the defendants to exhume the body.

■ Eddowes asserts another basis for standing to sue. He claims that he has a financial interest in the subject matter of this litigation which is derived from the affect the outcome will have on the sale of his book. It is possible that should he ultimately prevail and identification of the body establishes it is not Oswald's remains, Eddowes might sell many books. However, it also seems likely that identification of the body as Oswald's remains could result in Eddowes not being able to sell any more books. Whichever is the case we reject Eddowes' contention that the possibility the sale of his book might be affected by this case is sufficient to give him a justiciable interest in having the body exhumed.

■ Because the plaintiffs have not demonstrated a justiciable interest in this case the trial court should have dismissed it rather than rendering a summary judgment that they take nothing. *Meredith v. Sharp*, 152 Tex. 437, 259 S.W.2d 172 (1953). The effect of the trial court's summary judgment is that it denies the plaintiffs the opportunity to reattempt to show a justiciable interest. Therefore, we conclude that technically the trial court erred in rendering its summary judgment. We conclude that the proper action is to reverse the summary judgment and dismiss this cause without prejudice.

The trial court's judgment is reversed. This cause is dismissed.