**Michael EDDOWES, Appellant,**

v.

**Robert OSWALD, Appellee.**

No. 18468.

Court of Appeals of Texas,
Fort Worth.

Sept. 17, 1981.

Rehearing Denied Oct. 15, 1981.

Law Offices of John E. Collins, John E. Collins and Hal Monk, Irving, Cue Lipscomb, Fort Worth, Jerry Pittman, Dallas, for appellant.

McKenzie & Baer, Craig M. Fowler and Kenneth L. Campbell, Dallas, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from an order granting a temporary injunction enjoining "MI- CHAEL EDDOWES and all persons in active concert or participation with him, from seeking to exhume and reautopsy the remains of Lee Harvey Oswald in the Rose Hill Cemetary (sic)." The suit was brought by Robert Oswald, brother of the deceased. The surviving spouse of the deceased has given written consent to Dr. Charles Petty, Chief Medical Examiner of Dallas County to exhume and re-examine the body of Lee Harvey Oswald for the purpose of identification.

Eddowes has assigned eight points of error. Among them is a challenge of the right of Robert Oswald to bring this suit.

We dissolve the injunction and order the case dismissed.

Oswald in his original petition sued Dr. Charles Petty, Chief Medical Examiner of Dallas, Marina Oswald Porter, (hereinafter referred to as surviving spouse) Rose Hill Cemetery where the body is interred, Judge Garry Weber, who plaintiff states in his petition is the judge who signed an order permitting the exhumation and reautopsy of Lee Harvey Oswald, and Michael Eddowes. By amended pleadings and motions for nonsuit, Oswald dismissed all defendants except Michael Eddowes, Dr. Charles Petty, and Rose Hill Cemetery. The trial court denied injunction against Rose Hill and severed as to Dr. Charles Petty. The only two parties to this appeal are Michael Eddowes, appellant, and Robert Oswald, appellee.

Oswald in his brief says that the statement of facts as they appear in Eddowes' brief are substantially correct, and, therefore, none are challenged.

On or about August 8, 1980, Marina Porter, surviving spouse of Lee Harvey Oswald and mother of his daughters, June Lee Oswald Porter, age 18, and Audrey Marina Rachel Oswald Porter, age 16, signed a consent form authorizing Dr. Charles S. Petty, Chief Dallas County Medical Examiner, to exhume the body buried in the grave marked "Lee Harvey Oswald" located in Rose Hill Cemetery in Fort Worth, Tarrant County, Texas, and to perform an autopsy on the remains for purposes of positively identifying the remains. Plaintiff, Robert Oswald, brother of Lee Harvey Oswald, upon learning of Marina Porter's action, brought suit on August 14, 1980 to enjoin the exhumation and reautopsy.

As we construe the pleadings, Oswald alleges a property interest in the cemetery plot in which Lee Harvey Oswald is buried charging that disinterment would constitute a trespass. Further, he charges the defendants Charles Petty, Rose Hill Cemetery, and Michael Eddowes with conspiring under the efforts of Eddowes to disinter the body of his brother solely for the publicity and financial profits they stand to gain. He further charges that efforts to disinter the body of Lee Harvey Oswald has been a continuing action by Eddowes for his own personal gain to promote his book.[1]

Neither Rose Hill Cemetery nor Dr. Charles Petty claim any personal stake in the controversy and stand willing to abide by any decision of the court. Michael Eddowes admittedly has been seeking to have the body of Lee Harvey Oswald exhumed and intends to continue doing so. Eddowes' response to Oswald's charges is that Oswald has no standing to prevent the exhumation since the defendants are acting upon the written consent of the surviving spouse, Marina Porter, who has the statutory right under Tex.Rev.Civ.Stat.Ann. art. 912a–22 (1964) to consent to the exhumation of her deceased spouse's body.

The threshold question is the right of Oswald to maintain this suit.

Tex.Rev.Civ.Stat.Ann. art. 912a–22 (1964) provides in part as follows:

"The remains of a deceased person interred in a plot in a cemetery may be removed therefrom with the consent of the cemetery association and the written consent of the surviving wife or husband, or if there is no surviving husband or wife, then of the children; or if there is no surviving husband or wife nor children, then of the parents of the deceased, or should there be no surviving husband or wife nor children nor parent, then of the brothers and/or sisters of the deceased...."

Tex.Code Crim.Proc.Ann. art. 49.05 sec. 1 (1979) provides in part as follows:

"Consent for a licensed physician to conduct an autopsy of the body of a deceased person shall be deemed sufficient when given by the following: In the case of a married person, the surviving spouse, or if no spouse survive him, by any child of such marriage, or in the event of a minor child of such marriage, the guardian of such child if any there be, or in the absence of such guardian, the court having jurisdiction of the person of such minor; in the event that neither spouse nor child survives such deceased, then permission for an autopsy shall be valid when given by a person who would be allowed to give such permission in the case of an unmarried deceased.

"If the deceased be unmarried, then permission shall be given by the following for such autopsy, in the order stated: parent, guardian, or next of kin, and in the absence of any of the foregoing, by

1. As this court knows from earlier litigation before it in *Eddowes v. Curry*, 599 S.W.2d 367 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n. r. e.), Michael Eddowes, a domiciliary of the United Kingdom, is the author of the book LEE HARVEY OSWALD—Report on the Activities of an Imposter Who Assassinated President John F. Kennedy—in which he expounds his theory that not Lee Harvey Oswald, the alleged assassin of President John F. Kennedy, but a Soviet KGB agent is buried in the grave marked "Oswald" located in the Rose Hill Cemetery.

any natural person assuming custody of and responsibility for burial of the body of such deceased. If two or more of the above-named persons assume custody of the body, consent of one of them shall be deemed sufficient. . . ."

■ Under the above statutes, a surviving brother of a deceased does not have the right to control the remains of his deceased brother's body so long as there is a surviving wife, children, or parents of the deceased. In the present case, the evidence reveals that Lee Harvey Oswald is survived by both a widow and children.

Robert Oswald attempted to show a property interest in the cemetery plot, but was unsuccessful. The records of Rose Hill Cemetery and the county deed records failed to show that Robert Oswald ever had a property interest in the cemetery plot where Oswald is buried.

■ It is well settled that for a person to maintain an action in court, it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219 (1954); 44 Tex.Jur.2d "Parties" § 7. Oswald failed to offer any evidence that would show that he had any justiciable interest in the exhumation and reautopsy or come under any possible exception to the provisions of the statutes cited above. Therefore, we conclude that Oswald had no justiciable interest in the subject matter of this litigation and that he had no authority to institute suit in the trial court.

■ In addition, we note that the surviving widow was not a party to the suit at the time of trial. Under the facts of this case, she is an indispensable party. All necessary parties must be before the court. Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. See *Scott v. Graham*, 156 Tex. 97, 101, 292 S.W.2d 324, 327 (1956). The action of the trial court in proceeding to trial and judgment in the absence of an indispensable party would constitute fundamental error. *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex.1966).

We conclude that the temporary injunction should be dissolved. Our decision makes it unnecessary to discuss the other points of error including a point of error that the judgment is against the great weight and preponderance of the evidence.

Injunction dissolved and cause dismissed.