**Rufino Salinas MESTIZA, Appellant,**

v.

**Yolanda De LEON and Tomas Aguirre, Appellees.**

**No. 13–98–563–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1999.

Rufino Salinas Mestiza, Rosharon, Appellant pro se.

Yolanda De Leon, Dist. Atty., Francisco J. Martinez, Atty. at Law, Brownsville, for Appellee.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

Rufino Mestiza appeals from the trial court's dismissal of his petition to exhume the body of the woman he was convicted of murdering. Mestiza raises eight issues on appeal. We reverse and remand.

After the body of a female identified as Maria Quirino was found in Cameron County and an autopsy was performed, Mestiza was convicted of her murder and this Court affirmed the conviction. *Mestiza v. State*, 923 S.W.2d 720 (Tex.App.— Corpus Christi 1996, no pet.). Mestiza then brought the present action to require a Justice of the Peace in Cameron County to exhume the body and to reopen an inquest concerning the identity and cause of death.

The Cameron County District Attorney, Yolanda De Leon, was listed as a party and answered the petition. De Leon moved to dismiss the lawsuit on the grounds that Mestiza had not alleged a cause of action on which relief could be granted, that his action was barred by claims and issue preclusion, that he had no standing to request an exhumation and inquest, and that he failed to join Quirino's relatives as necessary parties and incorrectly joined De Leon as a party. In

addition, De Leon filed special exceptions complaining of the specificity of the petition and of the same general defects alleged in the motion to dismiss.

Without a hearing, the trial court granted the special exceptions on the same day that it signed an order dismissing the lawsuit.

■ By his second point of error, Mestiza complains that the trial court erred in dismissing based on appellees' plea to the jurisdiction. The State initially challenged jurisdiction on the ground that Mestiza had not stated a viable cause of action.

Chapter 49 of the Code of Criminal Procedure grants a justice of the peace the power to conduct an inquest into the death of a person in his county under suspicious circumstances and to direct a physician to perform an autopsy on the body. *See* TEX.CODE CRIM. PROC. ANN. § 49.01 *et seq.* (Vernon Supp.2000). The Code also provides that "[a] justice of the peace may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death." TEX.CODE CRIM. PROC. ANN. § 49.041 (Vernon Supp.2000).[1]

■ Though the statute vests in the justice of the peace the decision whether to reopen, like any other such decision, it must be exercised reasonably, and a writ of mandamus may issue in a proper case to correct a clear abuse of discretion in this regard. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956). Accordingly, the justice of the peace may not refuse to reopen the inquest in spite of a substantial reason to believe that a mistake has been made.

■ If an interested party is dissatisfied with the conclusions reached by the justice of the peace following the initial autopsy, the party may apply for an order to have the body of the deceased exhumed and reexamined. *Nelson v. Pickett,* 332 S.W.2d 129, 131 (Tex.Civ.App.—El Paso 1960, orig. proceeding); *see also Samsel v. Diaz,* 659 S.W.2d 143, 144 (Tex.App.—Corpus Christi 1983, no writ) (in spite of the public policy against disinterment of a body once buried, the court may order its removal if there is a sufficient showing of necessity or compelling reasons for doing so); *cf. Garcia v. State,* 522 S.W.2d 203, 208 (Tex. Crim.App.1975) (if requested in connection with the underlying criminal trial, the defendant must show that the exhumation and examination of the body will tend to solve an important or material issue in the case).

In the present case, while we do not determine whether Mestiza's allegations may show a sufficient reason to force the justice of the peace to reopen the inquest and exhume the body, it was at least within the jurisdiction of the trial court to hear and decide this issue.

■ The State also challenged jurisdiction on the ground that Mestiza lacked standing to bring the present action. The State contends that the finality of the criminal conviction deprived Mestiza of any interest in the identity of the body or the cause of death.

■ Standing consists of some interest peculiar to the person which is not shared by the general public. *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984); *Amerada Hess Corp. v. Garza,* 973 S.W.2d 667, 680–81 (Tex.App.—Corpus Christi 1996), *writ dismissed,* 979 S.W.2d 318 (Tex.1998); *see also Terrazas v. Ramirez,* 829 S.W.2d 712, 723 (Tex.1991) (to be entitled to manda-

---

**1.** In addition, the Texas Health and Safety Code provides for the removal of a body from a cemetery with notice to, and the consent of, the relatives of the deceased, but this statute specifically does not apply to removal pursuant to order of court or of a person who conducts inquests. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.004(e)(3) (Vernon Supp. 2000).

mus, relators must have a justiciable interest in the underlying controversy).

■■■■ Standing is a component of subject matter jurisdiction. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex.1999); *Amerada Hess Corp.*, 973 S.W.2d at 680–81; *In re Morales*, 968 S.W.2d 508, 511 (Tex.App.—Corpus Christi 1998, no pet.). Accordingly, the plaintiff must allege facts that affirmatively demonstrate his standing and the court's jurisdiction to hear the case. *Amerada Hess Corp.*, 973 S.W.2d at 680–81. Although we construe the pleadings in favor of the plaintiff and look to his intent, if the plaintiff clearly lacks standing, the trial court has no jurisdiction and must dismiss the cause of action. *Id.; In re Morales*, 968 S.W.2d at 511; *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993).

Two cases in the early 1980s specifically addressed standing to compel or oppose the exhumation and re-examination of the body of Lee Harvey Oswald, the alleged assassin of President John F. Kennedy. In *Eddowes v. Oswald*, 621 S.W.2d 843 (Tex.App.—Fort Worth 1981, no writ), the Fort Worth Court of Appeals held that the surviving brother of Lee Harvey Oswald did not have a right to control the remains or a justiciable interest in preventing the exhumation and reautopsy of Oswald's body for identification purposes. *Id.* at 846. And in *Eddowes v. Curry*, 599 S.W.2d 367 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.), the court held that a British author investigating the assassination of President Kennedy did not have standing to force the local authorities to exhume Oswald's body simply because it might affect the sale of the author's book about the matter. *Id.* at 369–70. The court also held that the residents of the county where the body was buried did not have standing to compel exhumation on the basis of any generalized interest in the enforcement of the criminal laws of the state. *Id.*

In the present case, however, Mestiza has a much more personal interest in the identity of the body. Although Mestiza has already been convicted for the murder of Quirino, he may still be entitled to relief by a habeas corpus proceeding if he can prove by clear and convincing evidence that a jury would acquit him based on newly discovered evidence. *See Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex.Crim. App.1996); *State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 398 (Tex.Crim. App.1994). While we do not pretend to evaluate the proof necessary for such relief, we nevertheless conclude that Mestiza's interest in developing such evidence is sufficient to confer standing upon him to request a reopening of the inquest and exhumation of the body of the victim.

We conclude that the trial court erred in dismissing the present action based on the plea to the jurisdiction. We sustain Mestiza's second point of error.

■■■ By his third, fourth, and fifth points of error, Mestiza complains that the trial court erred in dismissing his claims based on res judicata, collateral estoppel, and mootness. The State argued by these defenses that the final conviction in the criminal trial decided the issues of identity and cause of death against Mestiza and that he is precluded from trying to prove otherwise by reopening the inquest.

■■■■ Res judicata and collateral estoppel are affirmative defenses under Texas Rule of Civil Procedure 94 and should be treated as a "plea in bar," rather than as a plea in abatement or a plea to the jurisdiction. *State v. Narvaez*, 900 S.W.2d 846, 847 (Tex.App.—Corpus Christi 1995, no writ); *Walker v. Sharpe*, 807 S.W.2d 442, 446 (Tex.App.—Corpus Christi 1991, no writ); *see also Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or summary judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, 214 (1958); *Narvaez*, 900 S.W.2d at 847; *Walker*, 807 S.W.2d at 447.

In the present case, Mestiza did not agree to the summary disposition of these defenses, nor was summary judgment evidence presented or summary judgment procedure followed. In addition, the present action to exhume the victim's body is for informational purposes that might lead to a valid habeas corpus proceeding based on newly discovered evidence and thus is not precluded by the existence of the final judgment of conviction. We conclude that the trial court erred in dismissing the present cause of action on the basis of res judicata, collateral estoppel, or any claim of mootness based on the existence of the prior criminal conviction. We sustain Mestiza's third, fourth, and fifth points of error.

By his sixth point of error, Mestiza complains that the trial court's order sustaining the special exceptions is erroneous and void. When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998); *Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). In the present case, the trial court sustained the special exceptions without granting any opportunity for Mestiza to amend his pleadings. We conclude that dismissal based on the special exceptions was erroneous and sustain Mestiza's sixth point of error.

By his eighth point of error, Mestiza complains that the trial court erred in dismissing for failure to join Quirino's family members as indispensable parties.

We need not determine whether family members of the deceased are indispensable parties to this type of proceeding. Even if they are, the State failed to point to any specific, surviving family member that should have been joined. Moreover, assuming a surviving family member exists, the trial court erred in summarily dismissing the present lawsuit without giving Mestiza an adequate opportunity to join that person. *See* Tex.R. Civ. P. 39;

*Miller v. Gann,* 822 S.W.2d 283, 287 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *Bryce v. Corpus Christi Area Convention and Tourist Bureau,* 569 S.W.2d 496, 499 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) (suit should not be dismissed until the plaintiff has been given a reasonable opportunity to cure the defect). We sustain Mestiza's eighth point of error.

Mestiza's remaining points of error are not dispositive and we do not address them. *See* Tex.R.App. P. 47.1.

We REVERSE the judgment of the trial court and REMAND this case for proceedings consistent with this opinion.

