NUMBER 13-00-783-CV                   

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



RUFINO SALINAS MESTIZA,                                                  Appellant,

 

                                                   v.

 

YOLANDA
DE LEON AND DAVID GARZA,                               Appellees.

 



 

                        On appeal from the 357th District Court

                                 of Cameron
County, Texas.

 



 

                                   O P I N I O N

 

          Before Chief Justice Valdez and Justices Yañez and Castillo

                                  Opinion by Justice Castillo

 

Appellant Rufino Salinas Mestiza appeals
from a summary judgment entered against him in a suit brought to compel the appellees to exhume the body of Maria Quirino,
the woman he was convicted of murdering. 
We affirm.  








                                                 Factual
Summary

The body of Maria Quirino was found in Cameron County and, following an
autopsy, Mestiza was convicted by a jury of her
murder.[1]  Mestiza appealed,
claiming, among his sixteen points of error, that the body was improperly
identified, and the autopsy failed to corroborate the cause of death.  This Court affirmed the conviction.  Mestiza
v. State, 923 S.W.2d 720 (Tex. App.BCorpus Christi 1996,
no pet.).








Subsequently, Mestiza brought this civil action, titled APetition for
Declaratory Judgement,@ seeking to compel David Garza, in his official
capacity as Cameron County Justice of the Peace, to exhume Quirino=s body and reopen an
inquest into the identity of the body and the cause of death.  Yolanda De Leon, in her official capacity as
Cameron County District Attorney, was also named by appellant as a defendant in
this case.  De Leon brought a motion to
dismiss, alleging several grounds for dismissal, including: that appellant had
failed to state a cause of action upon which relief could be granted, that
appellant=s action was barred by
claim and issue preclusion, that he had no standing to request an exhumation of
the body, that appellant improperly included De Leon as a party, and that Mestiza failed to include Quirino=s family members as
necessary parties.  The trial court granted
that motion and dismissed the case.  We
reversed the trial court order dismissing the case, and remanded.  Mestiza
v. De Leon, 8 S.W.3d 770 (Tex. App.BCorpus Christi 1999,
no pet.).  On remand, De Leon moved for no-evidence
summary judgment on the basis that there was no evidence that De Leon was a
proper party to this case, that there was no evidence that there was an abuse
of discretion by appellees, and that there was no
evidence produced by Mestiza to raise a fact issue as
to the cause of Maria Quirino=s death or the
identity of the body found.  The trial
court granted summary judgment for De Leon. 
    In three issues presented, Mestiza argues that the trial court erred in failing to
appoint him counsel, erred in failing to advance to discovery, and erred in
granting the motion for summary judgment. 
                               

Summary Judgment
Standard

In his third issue, Mestiza argues that the trial court erred in granting
summary judgment against him.  De Leon
moved for summary judgment under several grounds, encompassing both Texas Rule
of Civil Procedure 166a(c) (traditional summary judgment) and Texas Rule of
Civil Procedure 166a(i) (no-evidence summary
judgment).  Tex. R. Civ. P. 166a(c); Tex
R. Civ. P. 166a(i).  The trial court did not specify on which
grounds the summary judgment was granted. 
If a summary judgment order issued by the trial court does not specify
the ground or grounds relied upon for that ruling, it will be upheld if any of the
grounds in the summary judgment motion can be sustained.  Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Weakly v. East, 900 S.W.2d
755, 758 (Tex. App.BCorpus Christi 1995,
writ denied).








In a traditional
summary judgment under Texas Rule of Civil Procedure 166a(c), the movant has the burden of showing that there is no genuine
issue of material fact and is entitled to judgment as a matter of law.  American Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  In deciding
whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as
true.  Id.  Every reasonable inference must be
indulged in favor of the nonmovant and any doubts
must be resolved in favor of the nonmovant.  Id. 
Evidence favoring the movant=s position will not be
considered unless it is uncontradicted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  A defendant=s motion for summary judgment must disprove at
least one essential element of each of the plaintiff=s causes of action, or
establish all the elements of an affirmative defense as a matter of law.  Grinnell, 951 S.W.2d at 425; Ford
v. City State Bank of Palacios, 44 S.W.3d 121, 127 (Tex. App.BCorpus Christi 2001,
no pet.).  








Under a no-evidence
summary judgment, the movant asserts that there is no
evidence of one or more essential elements of the nonmovant=s claims upon which
the nonmovant would bear the burden of proof at
trial.  Tex.
R. Civ. P. 166a(i); General Mills Rest.,
Inc. v. Texas Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.BDallas 2000, no
pet.).  The burden then shifts to the
respondent to present enough evidence to raise a genuine fact issue on the
challenged elements.  See Tex. R. Civ. P. 166a.  The trial court will be reversed if the
respondent brought forth more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Tex. R. Civ. P. 166a(i); Zapata v. The Children=s Clinic, 997 S.W.2d 745, 747
(Tex. App.BCorpus Christi 1999,
pet. denied).  More than a scintilla
exists when the evidence would permit reasonable and fair-minded people to
differ in their conclusions.  Merrell
Dow Pharm., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).

De Leon=s third ground for
summary judgment states that there was no evidence presented demonstrating that
Garza in his capacity as justice of the peace abused his discretion in refusing
to reopen an inquest into Quirino=s death.  We agree. 









Texas Code of Criminal
Procedure article 49.041 states that a justice of the peace Amay reopen an inquest if,
based on information provided by a credible person or facts within the
knowledge of the justice of the peace, the justice of the peace determines that
reopening the inquest may reveal a different cause or different circumstances
of death.@  Tex.
Code Crim. Proc. Ann. art. 49.041 (Vernon Supp. 2002) (emphasis
added).  The justice of the peace is
therefore vested with the power to determine whether such a reopening should
occur, and this decision is subject to an abuse of discretion standard.  Id.; Mestiza,
8 S.W.3d at 772.  We cannot say in
this case that Mestiza presented any evidence
indicating that the justice of the peace abused his discretion in refusing to
reopen the inquest.  In response to the
motion for summary judgment, appellant presented no summary judgment evidence
on his behalf.  He presented no witnesses
testifying that the body was misidentified. 
Instead, he attached only a copy of this Court=s previous decision in
this case, and argued that the motion was Arehashing@ issues previously
rejected by this Court.  Further, he
argued that the ADefendants and Joe
Valle have relevant information and documentation in their possession which
they have refused to come forward with so that this case can be fairly resolved
on its merits.@  Mestiza repeats
this argument in his brief, stating that the appellees
Aabused the discovery
process by failing / refusing to come forward with pertinent information,@ and then Ahid[ing] behind the tree and claim no genuine issue of fact
exists.@

Mestiza argues that De Leon
and Garza should not have been awarded summary judgment after failing to
adequately respond to his discovery requests, citing Tempay,
Inc. v. TNT Concrete and Constr., 37 S.W.3d 517,
521 (Tex. App.BAustin 2001, pet.
denied) and Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex.
App.BHouston [14th Dist.]
2000, pet. denied).[2]   We disagree. 

Both Tempay and Specialty Retailers stand for the
proposition that the trial court must not award a no-evidence summary judgment
prior to allowing adequate time for discovery. 
Tempay, 37 S.W.3d at 521-22;
Specialty Retailers, 29 S.W.3d at 145.  In considering whether adequate time for
discovery has elapsed, the trial court must examine: 








(1) the nature of the case; (2) the nature of
evidence necessary to controvert the no-evidence motion; (3) the length of time
the case was active; (4) the amount of time the no-evidence motion had been on
file; (5) whether the movant had requested stricter
deadlines for discovery; (6) the amount of discovery already taken place; and
(7) whether the discovery deadlines in place were specific or vague. 

 

Martinez
v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.BSan Antonio 2001, pet.
denied) (citing Specialty
Retailers, 29 S.W.3d at 145 and Dickson Constr.
v. Fid. & Deposit Co., 5 S.W.3d 353, 356 (Tex. App.BTexarkana 1999, pet.
denied)).  In the present case, appellant
had, at the very least, from this Court=s December 19, 1999
order remanding the case to the trial court until the summary judgment
dismissal on March 13, 2001 to conduct discovery both against the parties he
sued and to request discovery of non-parties. 
Further, appellants are presumed to have duly investigated their case
before filing suit.  See McAllister v. Samuels,
857 S.W.2d 768, 773 (Tex. App.BHouston [14th Dist.]
1993, no writ).  Appellant had the
opportunity during his criminal trial, and prior to filing this civil action,
to investigate the identity of the body that was identified as Quirino=s and develop an
alternative explanation for her means of death. 


Appellant=s third issue is
overruled.

Remaining Issues Waived








In his first issue
presented, Mestiza argues that the trial court erred
in failing to issue him a court-appointed attorney to assist him with his civil
case.  In his second issue presented, Mestiza argues that the trial court erred in failing to
compel discovery against De Leon and Garza. 
Mestiza filed a motion for appointment of
counsel on April 28, 2000, and filed a motion to compel discovery against De
Leon and Garza on June 21, 2000. 
However, he failed to secure a ruling on either of these motions.[3]  Accordingly, both Mestiza=s first and second
issues are waived.  See Tex R. App. P. 33.1(a).[4]

Conclusion

Because we have
overruled Mestiza=s third issue and have found his remaining issues
waived, we affirm the judgment of the trial court.

 

 

ERRLINDA CASTILLO

Justice

 

Chief Justice Valdez not participating.  

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
13th day of June, 2002.











[1]
Mestiza
confessed to suffocating Quirino with a pillow.  Her semi-nude body was found wrapped in a
blanket in a rural field in Cameron County, where it had considerably
decomposed.  Her sister and a co-worker
both positively identified the body as that of Quirino.  Natural causes of death were ruled out.  





[2]
Mestiza requested information from De Leon in this
case in the form of a document entitled AFirst
Set of Interrogatories and Request for Production of Documents and Things to
Defendant,@ filed on
August 11, 1998.  De Leon objected to
these requests as overbroad, irrelevant, and additionally claimed privilege as
to several of the documents, seeking a protective order staying discovery
requests to the defendants.  Following
this Court=s remand, Mestiza refiled the discovery
requests on February 29, 2000, adding Garza=s
name to De Leon=s, and asked
that the trial court lift the protective order. 
Mestiza also served discovery requests on Joe
Valle, his attorney in the criminal case. 
Mestiza then filed a motion to compel
discovery against De Leon and Garza on June 21, 2000.  The trial court set Mestiza=s
discovery motions for a hearing but did not rule on them prior to granting the
motion for summary judgment.  Mestiza does not raise a point on appeal challenging the
trial court=s failure to
rule on his discovery motions.                                                  





[3]
Trial courts are required to rule on a motion within a reasonable time.  Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.BSan
Antonio 1997, orig. proceeding). 
Following his June 21, 2000, motion to compel discovery, and prior to
the trial court=s disposition
of his case by means of summary judgment on March 13, 2001, Mestiza
had the option to request mandamus relief from this Court requiring that the
trial court rule on his motion.  See
In re Bonds, 57 S.W.3d 456, 457 (Tex. App.BSan
Antonio 2001, orig. proceeding). 
Although he knew that De Leon had filed for summary judgment on August
1, 2000, and was later given notice by trial court order dated January 24,
2001, that the court had set a March 8, 2001, submission date for the summary
judgment motion, Mestiza failed to take advantage of
the mandamus opportunity during the seven month period in which the motion for
summary judgment was pending. 





[4]
We note that while appointment of counsel for a civil case is available to an
indigent party under Texas Government Code section 24.016, the appointment of
counsel to such a party is discretionary on the part of the trial court.  Counsel is generally only appointed in a
civil case where exceptional circumstances are presented.  Tex.
Gov=t Code Ann. '24.016
(Vernon 1988); see Coleman v. Lynaugh, 934
S.W.2d 837, 839 (Tex. App.BHouston
[1st Dist.] 1996, no writ).