

**NUMBER 13-13-00610-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DAVID LAUER,** **Appellant,**

**v.**

**TRAVIS COUNTY MEDICAL
EXAMINERS,** **Appellee.**

---

**On appeal from the 98th District Court
of Travis County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, David Lauer, appeals the trial court's order dismissing for want of prosecution his petition for writ of mandamus seeking to compel appellee, the Travis County Medical Examiner's Office (TCMEO), to change the cause of death of a woman he was convicted of murdering. Because we find that the trial court lacked subject matter jurisdiction over Lauer's petition, we affirm.

## I.   BACKGROUND[1]

On November 1, 2001, Lauer was convicted of capital murder and sentenced to a term of life in prison.   On June 8, 2012, Lauer filed his original petition for writ of mandamus, in which he asked the trial court to open a new inquest into the cause of death of the victim in his murder case and to compel the TCMEO to "change the cause of the death to an unknown cause of death which is the only cause of death supported by the scientific findings in this case."[2]   On August 30, 2013, the trial court dismissed the case for want of prosecution.   This appeal followed.

## II.   DISCUSSION

On appeal, the TCMEO argues that that we should affirm the dismissal because the trial court lacked subject matter jurisdiction to grant Lauer's petition for mandamus relief.   Subject matter jurisdiction is essential to the authority of a court to decide a case and is an issue that may be addressed for the first time on appeal.   *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993).

"A judge of a district court may, either in termtime or vacation, grant writs of mandamus . . . necessary to the enforcement of the court's jurisdiction."   TEX. GOV'T CODE ANN. § 24.011 (West, Westlaw through 2013 3d C.S.).   "A writ of mandamus will issue to compel a public official to perform a ministerial act."   *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).   "An act is ministerial when the law clearly spells out

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.   See TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] The record includes a motion for leave to amend the original petition and an amended petition. Only the motion for leave was file stamped, and the amended petition is not listed as a separate entry in the table of contents of the clerk's record.   Moreover, no ruling was made on the motion for leave. Regardless, the amended petition does not change the nature of the relief sought by Lauer.

the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* "Furthermore, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. However, this rule is not without exception—a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official." *Id.*

In his petition and on appeal, appellant contends that the trial court had jurisdiction over his petition under article 49 of the Texas Code of Criminal Procedure and in accordance with this Court's opinion in *Mestiza v. DeLeon*. *See* TEX. CRIM. PROC. CODE ANN. art. 49.041 (West, Westlaw through 2013 3d C.S.); *Mestiza v. De Leon*, 8 S.W.3d 770, 772 (Tex. App.—Corpus Christi 1999, no pet.). Under article 49, "[a] justice of the peace may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death." TEX. CRIM. PROC. CODE ANN. art. 49.041. In *Mestiza v. De Leon*, an appellant filed a petition for mandamus seeking to require a justice of the peace and district attorney in Cameron County, pursuant to their article 49 authority, to exhume the body and reopen an inquest concerning the identity and cause of death of the victim the appellant was convicted of murdering. *Mestiza*, 8 S.W.3d at 772. The trial court dismissed the petition for lack of jurisdiction, and we reversed, holding that the trial court had jurisdiction to consider whether the justice of the peace clearly abused his discretion by refusing to reopen the inquest under article 49.[3] *Id.*

---

[3] On remand, the trial court granted summary judgment and we affirmed, determining that "[w]e cannot say in this case that Mestiza presented any evidence indicating that the justice of the peace abused his discretion in refusing to reopen the inquest." *Salinas Mestiza v. De Leon*, No. 13-00-783-CV, 2002 WL 1290053, at *2 (Tex. App.—Corpus Christi June 13, 2002, no pet.).

The present case, however, is not governed by article 49 as article 49 only applies to actions of a justice of the peace "occurring in a county that does not have a medical examiner's office or that is not part of a medical examiner's district." TEX. CODE CRIM. PROC. ANN. art. 49.02 (West, Westlaw through 2013 3d C.S). Here, Lauer does not seek to compel TCMEO to perform a ministerial duty. *See Anderson*, 806 S.W.2d at 793. As an initial matter, no law indicates that the TCMEO has a non-discretionary duty to reopen investigations into murder cases or to provide documents relating to the cause of death of a victim in a murder case. Moreover, unlike the appellant in *Mestiza*, Lauer is not simply requesting that the TCMEO exhume a body or that the organization itself reopen an inquest, but rather seeks to have the trial court determine that the original determination was incorrect and compel the TCMEO to change the official cause of death.[4] Lauer's petition therefore does not seek to compel an official to perform a duty; instead, it asks the trial court to reconsider a state organization's previous determination and compel it to come to a different conclusion.[5] The TCMEO's substantive determination of the cause of death was not a ministerial action subject to mandamus relief. *See*

---

[4] Lauer had an opportunity to challenge the evidence supporting the cause of death in his case at trial and on direct appeal of the trial. Further, if Lauer believes that there are facts outside of the record which indicate that the ultimate finding on the cause death is unsubstantiated by scientific evidence, he may have the opportunity to file a writ of habeas corpus. TEX. CODE CRIM. PRO. ANN. art. 11.07 (West, Westlaw through 2013 3d C.S.).

[5] Specifically, Lauer prays in his original petition that the trial court "sua sponte appoint a non bias [sic] expert to review the evidence and afterwards issue a writ of mandamus ordering the [TCMEO] to change the cause of death. . . ." In his appellate reply brief, Lauer explains that he is not requesting that the body be exhumed or that the TCMEO conduct a new investigation, but that "a file not an investigation is all that's needed. . . . [I]t's within the four corners of the document and it's clearly demonstrated in the record what the problem is." Lauer contends that the record reveals that TCMEO's determination of the cause of death was a result of "cognitive bias" and that therefore, after reviewing the evidence, the trial court must compel the office to change the cause of death.

4

*Anderson*, 806 S.W.2d at 793. Accordingly, the trial court lacked subject matter jurisdiction over Lauer's petition.[6] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 443–45.

We overrule Lauer's sole issue.

### III.    CONCLUSION

We affirm the trial court's dismissal of Lauer's petition.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of September, 2014.

---

[6] In his original petition and through a separate motion, Lauer requested grand jury records relating to the TCMEO's determination on the cause of the victim's death. Because the trial court lacked subject matter jurisdiction to rule on Lauer's petition, it also lacked jurisdiction to grant his request for grand jury records.