**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00594-CR
_____

## IN RE JAMES THOMAS GREEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 715266**

---

## MEMORANDUM OPINION

On July 13, 2015, relator James Thomas Green filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. Relator allegedly filed a motion to correct an autopsy report with the 248th District Court of Harris County, Texas. The clerk of the court in turn sent relator a memorandum response informing relator that the "court does not have jurisdiction to hear [relator's] motion." Relator requests this Court

to compel the district court to reopen the inquest regarding the cause of death of relator's victim.

Relator contends that the trial court had jurisdiction to hear his motion under article 49 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 49.041 (West 2006) ("A justice of the peace may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death."). Relator relies on *Mestiza v. DeLeon*, 8 S.W.3d 770, 772 (Tex. App.—Corpus Christi 1999, no pet.), for the proposition that a trial court has jurisdiction over a petitioner's motion requesting a justice of the peace to reopen an inquest.

In *Mestiza*, the appellant filed a petition for mandamus seeking to require a justice of the peace and district attorney in Cameron County to exhume the body of the appellant's murder victim and reopen an inquest pursuant to their article 49 authority. *Id.* at 771–72. The trial court dismissed the petition for lack of jurisdiction, and the court of appeals reversed, holding that the trial court had jurisdiction to consider whether the justice of the peace clearly abused his discretion by refusing to reopen the inquest under article 49. *Id.* at 772.

However, article 49 only "applies to the inquest into a death occurring in a county that does not have a medical examiner's office or that is not part of a medical examiner's district." *See* Tex. Code Crim. Proc. Ann. art. 49.02 (West 2006). Relator has alleged that the death and autopsy took place in Harris County, which has a medical examiner's office. Therefore, this is not a case to which article 49 applies. *See id.*; *see also Lauer v. Travis Cnty. Med. Exam'rs*, No. 13–

2

13–00610–CV, 2014 WL 4402233, at \*1–2 (Tex. App.—Corpus Christi Sept. 2, 2014, no pet.) (mem. op., not designated for publication) (concluding that trial court lacked jurisdiction over appellant's article 49 petition because the Travis County Medical Examiner's Office conducted autopsy).

Relator has not provided this Court with a complete record, and we therefore cannot determine whether relator properly requested mandamus relief from the trial court prior to filing this mandamus action. Regardless, we conclude that the trial court lacked subject matter jurisdiction over relator's motion. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

3