**Alex ERAZO, Appellant**

**v.**

**Louis A. SANCHEZ, Chief Medical Director for The Harris County Institute of Forensic Sciences; Devon Anderson, District Attorney for Harris County, Texas; Dale M. Gorczynski, Justice of the Peace in Houston, Texas, Appellees**

**NO. 14-15-00884-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed October 18, 2016.

---

Keith Toler, Houston, TX, for Appellees

Alex Erazo, Amarillo, TX, for Appellant

## OPINION

Martha Hill Jamison Justice

In four issues, appellant Alex Erazo appeals the trial court's order dismissing his case for lack of jurisdiction. Erazo filed a petition for writ of mandamus seeking to

compel appellees Louis A. Sanchez, chief medical director for the Harris County Institute of Forensic Sciences; former Harris County District Attorney Mike Anderson; and Justice of the Peace Dale M. Gorczynski to exhume the remains of a woman whom Erazo was convicted of murdering, perform an autopsy, and conduct or reopen an inquest into her cause of death.[1] Concluding that the trial court lacks jurisdiction over Erazo's claims against Gorczynski but has jurisdiction over the claims against Sanchez and Anderson, we affirm in part and reverse in part the trial court's dismissal order and remand for proceedings consistent with this opinion.

Appellees each filed separate motions to dismiss for lack of subject matter jurisdiction. The trial court signed separate orders granting Sanchez's and Gorczynski's motions, but subsequently granted Anderson's motion and in its final order dismissed Erazo's claims "as to all Defendants ... with prejudice."

■■■ Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex. (IRCOT)*, 418 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We construe motions to dismiss for lack of jurisdiction as pleas to the jurisdiction. *See id.* Our analysis of a plea to the jurisdiction begins with a review of the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe

the pleadings liberally in favor of the plaintiffs, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* The allegations found in the pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

■■■ When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228. Under this standard, we credit evidence favoring the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Id.* The defendant must assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Id.* If the defendant discharges this burden, the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Id.* Here, appellees' motions to dismiss stand on the pleadings: appellees did not submit any evidence in support of their motions. Accordingly, we must reverse if Erazo has alleged facts that affirmatively demonstrate the trial court's jurisdiction over his claims. *See Kirwan*, 298 S.W.3d at 622.

■■■ "A judge of a district court may ... grant writs of mandamus ... necessary to the enforcement of the court's

---

1. Erazo named former District Attorney Mike Anderson as a party below and on appeal. Current District Attorney Devon Anderson appeared in her official capacity. Accordingly, she is automatically substituted as the party representing the district attorney's office. *See* Tex. R. App. P. 7.2 ("When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate.").

jurisdiction." Tex. Gov't Code § 24.011. "A writ of mandamus will issue to compel a public official to perform a ministerial act." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). An act is ministerial "when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *In re Phillips*, No. 14–0797, 496 S.W.3d 769, 773–75, 2016 WL 2764576, at *4 (Tex. May 13, 2016). Although a writ of mandamus generally will not issue to compel a public official to perform an act that involves an exercise of discretion, a writ of mandamus may issue to correct a clear abuse of discretion by a public official. *Anderson*, 806 S.W.2d at 793; *see also Lauer v. Travis Cty. Med. Examiners*, No. 13–13–00610–CV, 2014 WL 4402233, at *1 (Tex. App.—Corpus Christi Sept. 2, 2014, no pet.) (mem. op.).

### I. Jurisdiction Over Sanchez and Anderson but not Gorczynski

◼ Erazo contends that Sanchez, as the medical examiner, "did not conduct an adequate and meaningful inquest" because the autopsy report for the decedent "is devoid of details and affirmative facts to establish and determine the manner of . . . death." An inquest is an investigation to determine whether a death was caused by an unlawful act, and a medical examiner is required to hold an inquest when a person is killed. Tex. Code Crim. Proc. arts. 49.01(2), 49.25 § 6(a)(2); *Williams v. State*, No. 11–12–00261–CR, 2014 WL 4809938, at *4 (Tex. App.—Eastland Sept. 25, 2014, no pet.) (mem. op.).

◼ Erazo further asserts that Sanchez was required to reopen the in-quest because he had "all [the] powers and duties of justices of the peace . . . relating to the investigation of deaths and inquests." Tex. Code Crim. Proc. art. 49.25 § 12.[2] Under article 49.041, a justice of the peace "may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death." *Id.* art. 49.041. Furthermore, a justice of the peace is required to order an autopsy "if directed to do so by the district attorney . . . ." *Id.* art. 49.10(e)(3). Erazo seeks to compel Sanchez or Gorczynski to conduct a new inquest or reopen the inquest and seeks to compel Anderson to direct the appropriate party to order a new autopsy.

Relying on this court's *In re Green* opinion, appellees argue that article 49 does not apply because the autopsy was performed by a medical examiner in Harris County and thus the trial court lacked jurisdiction over Erazo's claims. No. 14–15–00594–CR, 2015 WL 5092489 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (per curiam) (mem. op.). In *Green*, the relator filed a petition for writ of mandamus in this court, complaining of the trial court's failure to grant his "motion to correct an autopsy report" on the basis that the trial court concluded it "did not have jurisdiction to hear [the] motion." *Id.* at *1. The relator argued that the trial court had jurisdiction to hear the motion under article 49.041. *Id.* (citing Tex. Code Crim. Proc. art. 49.041 (giving justices of the peace discretion to reopen an inquest under certain circumstances)).

---

2. That section reads, in relevant part: "When the commissioners court of any county shall establish the office of medical examiner, all powers and duties of justices of the peace in such county relating to the investigation of deaths and inquests shall vest in the office of the medical examiner." Tex. Code Crim. Proc. art. 49.25 § 12.

This court denied the petition, citing article 49.02 in holding that "article 49 only 'applies to the inquest into a death occurring in a county that does not have a medical examiner's office or that is not part of a medical examiner's district.'" *See id.* (quoting Tex. Code Crim. Proc. art. 49.02). Article 49.02 is in subchapter A of chapter 49, entitled "Duties Performed by Justice of the Peace." Tex. Code Crim. Proc. arts. 49.01-49.24. The court in *Green* did not address whether a trial court has jurisdiction to compel a medical examiner to conduct or reopen an inquest under subchapter B, "Duties Performed by Medical Examiners." *See id.* art. 49.25 §§ 6(a)(2) ("Any medical examiner, or his duly authorized deputy, shall be authorized, and it shall be his duty, to hold inquests with or without a jury within his county ... [w]hen any person is killed ....") and 12 ("When the commissioners court of any county shall establish the office of medical examiner, all powers and duties of justices of the peace in such county relating to the investigation of deaths and inquests shall vest in the office of the medical examiner.").

We agree with appellees that under our precedent in *Green,* a trial court lacks jurisdiction to compel a justice of the peace to conduct or reopen an inquest in a county that has a medical examiner's office. *See Green,* 2015 WL 5092489, at *1 (citing Tex. Code Crim. Proc. art. 49.02). Because Erazo alleges that the death occurred in Harris County and the autopsy was performed by a medical examiner in Harris County, his pleading demonstrates that the trial court lacked jurisdiction to compel Justice of the Peace Gorczynski to conduct or

reopen an inquest into the cause of death. *See id.* Accordingly, Erazo has alleged facts that negate the trial court's jurisdiction over Erazo's claims against Gorczynski, and we affirm the trial court's dismissal of these claims.[3]

We do not reach the same conclusion as to Sanchez and Anderson. As discussed, under subchapter B of article 49, a medical examiner is required to hold an inquest "[w]hen any person is killed." Tex. Code Crim. Proc. art. 49.25 § 6(a)(2). That is a ministerial act because the law clearly spells out the medical examiner's duty and the medical examiner does not have the discretion to refuse to hold an inquest under such circumstances. *See Phillips,* 496 S.W.3d at 773-75. Erazo alleged in his petition that Sanchez, as the medical examiner, failed to "conduct an adequate and meaningful inquest." We conclude that the trial court has jurisdiction to determine whether Sanchez failed to perform a ministerial act. *See Anderson,* 806 S.W.2d at 793. We do not address whether Erazo ultimately will prevail on his claim that Sanchez did not conduct an adequate and meaningful inquest.

As to Erazo's assertion that the inquest should be reopened, Sanchez is charged under article 49 with the "duties of justices of the peace in [counties with a medical examiner's office] relating to the investigation of deaths." Tex. Code Crim. Proc. art. 49.25 § 12. Thus, under article 49.041, Sanchez has the discretion to "reopen [the] inquest if, based on information provided by a credible person or facts within [Sanchez's] knowledge[, Sanchez] determines

**3.** We thus do not give Erazo an opportunity to amend his petition as to his claims against Gorczynski. *See City of Houston v. Song,* No. 14–11–00903–CV, 2013 WL 269036, at *4 n.7 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, pet. denied) (mem. op.) (acknowledging a pleading defect that affirmatively negates jurisdiction is incurable). Accordingly, we overrule that portion of Erazo's first issue requesting an opportunity to amend his petition.

that reopening the inquest may reveal a different cause or different circumstances of death." *Id.* art. 49.041. And Anderson as the district attorney has the discretion to direct Sanchez to order an autopsy. *Id.* art. 49.10(e)(3). Accordingly, the trial court has jurisdiction to consider whether Sanchez clearly abused his discretion by refusing to reopen the inquest under article 49 or whether Anderson clearly abused her discretion by refusing to direct Sanchez to order a new autopsy. *See Mestiza v. De Leon*, 8 S.W.3d 770, 772 (Tex. App.—Corpus Christi 1999, no pet.) ("Though the statute vests in the justice of the peace the decision whether to reopen, like any other such decision, it must be exercised reasonably, and a writ of mandamus may issue in a proper case to correct a clear abuse of discretion in this regard.").

Appellees argue that "a writ of mandamus will not issue to compel [them] to perform a discretionary act." That is an incorrect articulation of the law. A writ of mandamus is the appropriate vehicle to correct *clear* abuses of discretion by public officials, and the trial court has jurisdiction to determine whether a clear abuse of discretion has occurred. *Anderson*, 806 S.W.2d at 793; *see also Lauer*, 2014 WL 4402233, at *1.

Erazo was entitled to apply for an order to have the remains of the deceased exhumed and reexamined. *See Mestiza*, 8 S.W.3d at 772. We do not determine whether Erazo's allegations, if true, actually show a sufficient reason to force Sanchez to reopen the inquest or to force Anderson to direct Sanchez to order a new autopsy. However, the trial court has jurisdiction to hear and decide this issue.[4] *See id.*

## II. Standing

Appellees assert that Erazo lacks standing to bring his claims because his requested relief will not remedy his alleged injury since the remains are located in the Republic of Honduras and "[a]ppellees have no authority to exhume and reexamine a body buried in a foreign country." To plead that he has standing, a plaintiff must plead facts demonstrating that he personally suffered an injury that is fairly traceable to the defendant's conduct and that the injury is likely to be redressed by the requested relief. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012). Appellees concede that Erazo has "alleged an injury that is fairly traceable to [a]ppellees' conduct." So, appellees' contention that Erazo lacks standing is premised solely on their assertion that they lack access to the remains located in a foreign country.

Erazo alleged that the purpose of exhuming and reexamining the remains would be "to obtain new information or for informational purposes that might lead to and produce exculpatory evidence proving that [the] death was an accident." Accordingly, Erazo pleaded that his injury would likely be redressed through a new inquest or reopening the inquest and obtaining a new autopsy. The burden then shifted to appellees to present conclusive evidence that Erazo's injuries would not be redressed as alleged. *See Miranda*, 133

---

4. Erazo alleged below that he was "not satisfied with the conclusions and findings of the autopsy report." To the extent his pleadings could be construed as asking the trial court to analyze whether the original determination of the cause of death was incorrect, Erazo would not be entitled to relief by mandamus. *See Lauer*, 2014 WL 4402233, at *2 (holding appellant was not simply requesting to compel the medical examiner to exhume a body or reopen an inquest but instead sought to compel the medical examiner to change the official cause of death and that substantive determination of the cause of death was not an action subject to mandamus relief).

S.W.3d at 228. Appellees presented no evidence that the remains would not be released by the Republic of Honduras for a new autopsy upon request.[5] We will not presume on this record that the Republic of Honduras would refuse to comply with such a request from Sanchez or Anderson. We conclude that appellees failed to meet their burden to present conclusive evidence that Erazo's purported injuries are not likely to be redressed.[6]

## III. Remaining Issues

Erazo also complains that the trial court failed to conduct a hearing "to receive evidence" on the motions to dismiss and signed a dismissal order that "cite[s] no references to any guiding principles, or rules, or case authority."[7] Erazo cites no case law standing for the proposition that a trial court is required to conduct an oral hearing on a plea to the jurisdiction. Erazo submitted evidence in support of his response to Sanchez's motion, but failed to respond to the other motions. He has not established that he was entitled to an oral hearing.

Regarding Erazo's complaint about the dismissal order, we are not aware of any authority that requires a trial court to include in an order dismissing a case for lack of jurisdiction "references to any guiding principles, or rules, or case authority." The record does not reflect that Erazo requested findings of fact or conclusions of law. We therefore infer that the trial court made all findings necessary to support its judgment. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

## IV. Conclusion

Concluding that the trial court lacks jurisdiction over Erazo's claims against Gorczynski, we affirm the trial court's order dismissing these claims. Further concluding that the trial court has jurisdiction over the claims against Sanchez and Anderson, we reverse the dismissal order as to these claims and remand for proceedings consistent with this opinion.

---

5. As mentioned, no evidence was filed in support of appellees' motions to dismiss.

6. Moreover, appellees' argument that they do not have access to the remains is a merits issue related to appellees' ability to comply with an order to conduct a new autopsy. It does not implicate the trial court's ability to address the issue. When evidence has been submitted in support of a plea to the jurisdiction that implicates the merits of the suit, we take as true all evidence favorable to the nonmovant. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. Jones*, 485 S.W.3d 145, 148 (Tex.

App.—Houston [14th Dist.] 2016, pet. filed). Regardless, no evidence was presented here.

7. Because we affirm the trial court's dismissal of Erazo's claims against Gorczynski, we address Erazo's remaining complaints regarding the trial court's dismissal order. However, we need not address Erazo's argument that the trial court failed to consider and "rule upon [Erazo's] motion in response to [Sanchez's] Motion to Dismiss" because we are reversing the trial court's dismissal of Erazo's claims against Sanchez.